USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 17 FEB 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. MEHMET OZ, et al.,

        Plaintiffs,

v.

FWM LABORATORIES, INC., et al.,

        Defendants.

Index No. 09 Civ. 7297 (LTS)

**STIPULATED ORDER OF
PERMANENT INJUNCTION
AND VOLUNTARY DISMISSAL**

WHEREAS, Plaintiffs Dr. Mehmet Oz, Zo Co 1, LLC, OW Licensing Company, LLC, and Harpo, Inc. (collectively, "Plaintiffs"), filed their complaint for a permanent injunction, civil penalties, and other equitable relief against, among others, Defendant AdEx Media, Inc. (erroneously sued herein as "EasyWhite, Inc. a/k/a Easy White Labs" and as "Rezactiv a/k/a Res Q" ("Defendant"), alleging violations of N.Y.C.R.L. §§ 50-51, 765 ILCS 10751/1 et seq., 15 U.S.C. §§ 1114(1), 1125(a), 1125(a)(1)(A), 1125(c), 1125(d)(1)(A), 17 U.S.C. § 106, common law unfair competition, common law unjust enrichment, and N.Y. Gen. Bus. Law §§ 349, 350, 815 ILCS 510 et seq. (the "Action");

WHEREAS, Plaintiffs and Defendant (collectively, the "Parties") agreed to settlement of this Action without adjudication of any issue of fact or law and without Defendant admitting liability for any of the matters alleged in the complaint; and

WHEREAS, the Parties have reached a settlement of this action, which is formalized in a separate confidential settlement agreement (the "Settlement Agreement"), and in connection with

said Settlement Agreement, have agreed to the entry of this Stipulated Order of Permanent Injunction and Voluntary Dismissal.

THEREFORE, it is hereby stipulated and agreed by and between Plaintiffs and Defendant, and Ordered by this Court, as follows:

## I. JURISDICTION AND WAIVER

A.  This Court has jurisdiction over the Parties and the subject matter of the Action.

B.  Venue is proper as to all Parties.

C.  Defendant hereby waives all rights to appeal or otherwise challenge or contest the validity of this order.

D.  The Parties will bear their own legal fees.

## II. DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.  "Advertisement(s)" shall mean any means by which Defendant or its Representatives, as defined below, promote Defendant's or another Person's, as defined below, Product(s), as defined below, or direct consumers to a physical or online destination for the purpose of offering Defendant's or another Person's Product(s) for sale, including but not limited to web sites located at unique universal resource locators ("URL(s)"), and all audio, visual, and literary material contained within such web sites and any part of the domain name of such web

sites; online search engine sponsored link or advertising programs, such as Google AdWords, Google AdSense, Microsoft Bing Search Advertising, and Yahoo! Search Marketing; banner ads; email; television commercials; radio commercials; interstitial commercials; videos, whether viral or stationary; sponsored articles; testimonials; blogs; meta tags; and print materials, such as sales sheets, newspaper and/or magazine advertisements, and brochures.

B. "Affiliate" shall mean any Person, as defined below, who participates in an Affiliate Program, as defined below, as an affiliate or publisher.

C. "Affiliate Network" shall mean any Person, as defined below, who provides Defendant with Affiliates for Defendant's Affiliate Program, as defined below, or whom Defendant contracts with as an Affiliate to promote the Products.

D. "Affiliate Program" shall mean any agreement whereby any Person, as defined below, agrees, pursuant to terms and conditions agreed to by Defendant and such Person or between such Person and an Affiliate Network, to provide Defendant or another Person with or to refer to Defendant or another Person potential or actual customers for a fee via the creation or facilitation of Advertisements by Affiliates.

E. "Person" shall mean a natural person or a corporation, partnership, proprietorship, limited liability company, or other organization or legal entity, including an association, cooperative, agency, or other group or combination acting as an entity.

F.  "Product(s)" shall mean any goods are services manufactured, distributed, sold and/or marketed, now or in the future, by Defendant, including, but not limited to EasyWhite Labs and RezQ.

G.  "Representative(s)" shall mean Defendant's owners, shareholders, partners, members, officers, agents, servants and employees, acting for or on behalf of Defendant.

### III. PERMANENT INJUNCTION

It is hereby ordered that:

A.  From the entry date of this Order forward, Defendant and Defendant's Representatives are hereby permanently enjoined from infringing upon the names, pictures, voices, identities, likenesses and/or images of Oprah Winfrey and Dr. Mehmet Oz in any Advertisement for the Product(s) without Plaintiffs' authorization. Such prohibited use includes, but is not limited to, the use of Oprah Winfrey's and/or Dr. Oz's names, and any formatives thereof, in any part of a domain name, as a keyword in an advertising program or as a metatag or hidden text on a webpage. Such prohibited use does not include "fair use" as determined by a court of law under applicable copyright and trademark law.

B.  From the entry date of this Order forward, Defendant and Defendant's Representatives are hereby permanently enjoined from infringing upon the trademarks OPRAH, THE OPRAH WINFREY SHOW, O, DR. OZ, any other trademarks owned by Plaintiffs, or any formatives thereof, whether currently

4

owned or acquired after the date of this Agreement, in any Advertisement for the Product(s) without Plaintiffs' authorization. Such prohibited use includes, but is not limited to, the use of the trademarks OPRAH, THE OPRAH WINFREY SHOW, O, DR. OZ, any other trademarks owned by Plaintiffs, and any formatives thereof, in any part of a domain name, as a keyword in an advertising program or as a metatag or hidden text on a webpage. Such prohibited use does not include "fair use" as determined by a court of law under applicable copyright and trademark law.

C.  From the entry date of this Order forward, Defendant and Defendant's Representatives are hereby permanently enjoined from infringing upon any material, visual, literary, audio or otherwise, to which Plaintiffs own the copyright, whether currently owned or acquired after the date of this Agreement, in any Advertisement for the Product(s) without Plaintiffs' authorization. Such prohibited use does not include "fair use" as determined by a court of law under applicable copyright and trademark law.

## IV. COMPLIANCE MONITORING BY DEFENDANT AND ITS REPRESENTATIVES

It is further ordered that Defendant and its Representatives, for a period of two years following entry of this order, are hereby restrained and enjoined from failing to immediately make reasonable efforts to take the steps set forth in this Paragraph, as applicable, to ensure compliance with Section III of this Order.

A.  If Defendant has or begins an Affiliate Program, providing notice to any Affiliate or Affiliate Network that Defendant uses going forward in any Affiliate Program for Defendant that, absent express written consent, use of plaintiffs' and Oprah Winfrey's trademarks (including formatives thereof), names, pictures, voices, identities, likenesses and/or images is strictly prohibited and requesting that each Affiliate Network in Defendant's Affiliate Program prohibit the use of plaintiffs' and Oprah Winfrey's trademarks (including formatives thereof), names, pictures, voices, identities, likenesses and/or images.

B.  If Defendant has or begins an Affiliate Program, requesting each Affiliate and/or Affiliate Network that Defendant uses in its Affiliate Program to provide the following identifying information to Defendant, which Defendant shall maintain for as long as it uses such Affiliate and/or Affiliate Network:

1.  If a natural person, the Affiliate's and/or Affiliate Network's first and last name, valid physical address, country, telephone number, and email address.

2.  If a corporation, partnership, proprietorship, limited liability company, or other organization or legal entity, including an association, cooperative, agency, or other group or combination acting as an entity, the Affiliate's and/or Affiliate Network's name and any and all names under which it does business, state of incorporation, registered agent, and the first and last name, valid physical address, country, telephone number, and email

6

       address of at least one natural person who owns, manages, or controls the Affiliate and/or Affiliate Network.

    3. In any circumstances in which Defendant only has access to Affiliates through an Affiliate Network, requesting each Affiliate Network to obtain and maintain from the Affiliates in Defendant's Affiliate Program the identifying information set forth in Paragraph IV.B.1 & 2 above, which shall be requested to be obtained prior to that Person's participation in Defendant's Affiliate Program.

C. If Defendant is only an Affiliate in other Persons' Affiliate Network Program(s), then Defendant shall reasonably respond to requests from Affiliate Networks for which it is an Affiliate the identifying information referenced in Paragraph IV.B.1 & 2 above.

D. If Defendant has or begins an Affiliate Program, for a period of two years from the dated of this Order: (a) providing notice of this Order on Defendant's Standard Terms and Conditions for its Affiliate Program; (b) providing a link to the order at Defendant's Standard Terms and Conditions; (c) requesting that all Affiliates and Affiliate Networks comply with this Order; and (d) requiring all Affiliates and Affiliate Networks to certify, when they register to be an Affiliate, that they are and will continue to be in compliance with this Order in as far as it pertains to Defendant's Products or business conducted with Defendant. Defendant will make commercially reasonable efforts to obtain a re-affirmation of such certification by Affiliates each time an Affiliate runs one of Defendant's

    offers. Such certification shall be accomplished by electronically notifying Affiliates and Affiliate Networks upon registering to do business with Defendant that by doing business with Defendant (e.g., running one of Defendant's offers), the Affiliate and Affiliate Network certify that they are and will continue to be in compliance with this Order, or such other certification method that the Parties may subsequently agree upon.

E.    Each week, including at least 2 evenings past 6 pm and one weekend day, Defendant will arrange for a person or service to search the Internet for a commercially reasonable amount of time for unauthorized uses of the trademarks (including formatives thereof), names, pictures, voices, identities, likenesses and/or images of plaintiffs and Oprah Winfrey in any Advertisement(s) for the Product(s).

F.    If, during the course of searching the Internet or otherwise, Defendant discovers or is notified that an Affiliate advertising one of the Products is making an unauthorized use of the trademarks (including formatives thereof), names, pictures, voices, identities, likenesses and/or images of plaintiffs or Oprah Winfrey (the "Offending Advertising"), it shall notify the appropriate Affiliate Network in writing and demand that such Affiliate Network cause the Offending Advertisement to be removed within seventy-two (72) hours and it shall notify Plaintiffs' Authorized Representative of the occurrence of the Offending Advertisement and its compliance with its obligations under this paragraph IV.F of this Order.

    1.    If the Affiliate Network does not cause the Offending Advertisement to be removed within seventy-two (72) hours of receiving notice of the Offending Advertisement from Defendant, Defendant shall so notify Plaintiffs' Authorized Representative, and make commercially reasonable efforts to provide a screenshot of the Offending Advertisement along with the identity and contact information of the appropriate Affiliate Network.

G.    Defendant shall promptly conduct a reasonable investigation of specific information received by Defendant or Defendant's representatives identified in paragraph V.B. below, regarding an Advertisement that does not comply with this Order. However, notwithstanding the requirements of this Paragraph, Defendant shall not be in violation of this Paragraph if, within five (5) business days after receiving such information, Defendant (a) provides "notice and opportunity to cure" to the Affiliate and/or the Affiliate Network that created the non-complying Advertisement, and terminates, with respect to the product campaign in question, the Affiliate and/or the Affiliate Network that created or facilitated the non-complying Advertisement if the Affiliate and/or the Affiliate Network fails to cure within five (5) business days of receipt of such notice; (b), unless prohibited by contract and/or a confidentiality agreement, provides notice and all information related to the Affiliate and/or the Affiliate Network collected pursuant to Paragraphs IV.A and IV.B to Plaintiffs, (c) does not pay the Affiliate and/or the Affiliate Network for the offending Advertisement, including any payments for leads, "click-throughs" or sales resulting therefrom, and (d) does not, within 180 days and with respect to the product campaign in question,

9

reinstate the Affiliate(s) or Affiliate Network(s) unless Defendant agrees in writing provided to Plaintiffs that Defendant will, with respect to the product campaign in question, be directly responsible for any further breaches of this Order by the offending Affiliate and/or Affiliate Network. Defendant shall not be in violation of this Paragraph unless Defendant knew or should have known that the reinstated Affiliate and/or Affiliate Network had previously been terminated with respect to the product campaign in question.

H.  If Defendant has or begins an Affiliate Program, Defendant shall immediately, with respect to the product campaign in question, terminate from Defendant's Affiliate Program, and cease payment to, any Affiliate and/or Affiliate Network who Defendant reasonably concludes (1) is creating or publishing an Advertisement that violates this Order, and who fails to cure within five (5) business days of receipt of notice and opportunity to cure such violation.. Defendant shall not, within 180 days and with respect to the product campaign in question, reinstate any Affiliate and/or Affiliate Network who has been so terminated unless Defendant, subject to any confidentiality agreements or other contractual prohibitions, first provides notice of all information related to the Affiliate and/or the Affiliate Network collected pursuant to Paragraphs IV.A and IV.B to Plaintiffs and agrees in writing provided to Plaintiffs that Defendant will, with respect to the product campaign in question, be directly responsible for any further breaches of this Order by the offending Affiliate and/or Affiliate Network. Defendant shall not be in violation of this Paragraph unless Defendant knew or

should have known that the reinstated Affiliate and/or Affiliate Network had previously been terminated with respect to the products campaign in question.

I. Notwithstanding anything set forth above, in the event that it comes to Defendant's attention that an Affiliate has used an Offending Advertisement three (3) times, then Defendant will contact the Affiliate or the appropriate Affiliate Network and withhold all payments or request that such Affiliate Network cause all payments be withheld to such Affiliate and cause or require that the Affiliate Network cause the Affiliate to be permanently prohibited from participating in any of Defendant's product campaigns and it shall notify Plaintiffs' Authorized Representative of such occurrence.

## V. COMPLIANCE MONITORING BY PLAINTIFFS

It is further ordered that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A. In the event of any alleged violation of this Order by Defendant or its Representatives, within twelve (12) days of receipt of written notice from Plaintiffs or a representative of Plaintiffs, Defendant shall submit a written report, verified by an officer's certificate, relating to such alleged violation, and make reasonable production of documents related to such alleged violation and reasonably identified by Plaintiffs in their written notice, for inspection and copying.

B.  For the purposes of this Order, Plaintiffs shall, unless otherwise directed by a representative of Defendant, mail all written notifications to any Defendant to the following address: Ben Zadik, 883 North Shoreline Blvd., Suite A-200, Mountain View, CA 94043, copied to Todd Norris; Bullivant Houser Bailey PC; 601 California Street, Suite 1800, San Francisco, California 94108.

## VI. COMPLIANCE RECORDS TO BE MAINTAINED BY DEFENDANT

It is further ordered that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A.  For a period of two years from the date of this Order, Defendant shall notify Plaintiffs of any dissolution, sale, or merger that would result in the emergence of a successor entity that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, within thirty (30) days of such changes having taken place.

B.  For a period of two years from the date of this Order, Defendant shall notify Plaintiffs of any name changes to Products that it manufactures, distributes, sells and/or markets using Advertising and/or an Affiliate Program.

C.  One hundred eighty (180) days after the date of entry of this Order, Defendant shall provide a written report to Plaintiffs, verified by an officer's certificate, setting forth in detail the manner and form in which it has complied and is complying with this Order. This report shall consist of, as applicable:

12

1.  Any changes required to be reported pursuant to Paragraph VI.A.

2.  A list of all names under which Defendant has done business since entry of this Order.

3.  A list of domain names and web page addresses for all active landing pages upon which Defendant's Products may be ordered.

4.  A copy of each non-identical form contract and/or standard terms and conditions authored by Defendant and used in Defendant's Affiliate Program (notwithstanding the name given to such program by Defendant) at any time since the execution of this Order. Defendant shall not be required to provide form contracts authored by third parties.

5.  A report summarizing Defendant's efforts to comply with paragraph IV.E., above.

C.  For the purposes of this Order, Defendant shall, unless directed otherwise by a representative of Plaintiffs, mail all written notifications to the Plaintiffs to the following address:

William L. Becker, Esq.
General Counsel
Harpo, Inc.
110 North Carpenter Street
Chicago, IL 60607
Fax: (312) 733-3896
bbecker@harpo.com

With a copy to:

Marc Rachman, Esq.
Davis & Gilbert LLP
1740 Broadway
New York, New York 10019
Fax: 212-468-4888
Email: mrachman@dglaw.com

### VII. DISTRIBUTION OF ORDER BY DEFENDANT

It is further ordered that, for a period of two years from the date of entry of this Order, Defendant shall deliver copies of this Order as directed below:

A. Defendant must deliver a copy of this Order to its Officers, Directors, and Managers and employees. For current personnel, delivery shall be within ten (10) business days of Defendant's receipt of an entered, executed copy of this Order. For new personnel, delivery shall occur prior to them assuming their responsibilities.

B. Defendant must secure a signed and dated written or electronic statement (which signature may be obtained electronically provided that the signature would comply with the signature requirements of the Electronic Signatures in Global and National Commerce Act, 15 U.S.C. § 7001 et seq.), acknowledging receipt of this Order, within thirty (30) days of delivery, from all persons receiving a copy or summary of this Order pursuant to this Paragraph.

## VIII.  LIQUIDATED DAMAGES FOR NON-COMPLIANCE

A.  The Parties acknowledge that the monetary damages that Plaintiff would suffer as a result of a material breach by Defendant of the terms of this Order are not readily ascertainable at the time of their stipulating to the entry of this Order.

B.  In the event of a material breach by Defendant of the terms of this Order that is not cured within twelve (12) days of one of Defendant's directors, officers or attorneys becoming aware of such breach, in addition to any injunctive relief that Plaintiffs may be entitled to as a result of such breach, the Parties agree that Defendant shall be liable to Plaintiffs for the liquidated sum of twenty-five thousand ($25,000) per material breach, as the Parties agree that such sum is reasonably proportionate to Plaintiffs' foreseeable losses for a material breach of this Order.  Defendant shall not be deemed to have materially breached this Order with respect to any non-complying Advertisement unless Defendant knew or should have known the identity of the Affiliate or Affiliate Network responsible for the non-complying Advertisement, and failed to take reasonable corrective action.

C.  In the event of a dispute arising out of this Order, the prevailing party shall be entitled to reimbursement from the non-prevailing party of its costs, including all reasonable attorneys' fees.

### IX. DISMISSAL OF ACTION AGAINST DEFENDANT

A. The Parties hereby stipulate and agree, pursuant to Rule 41(a)(1) & (2) of the Federal Rules of Civil Procedure, that this action is dismissed with prejudice, against the Defendant, with each party to bear its own costs and its own attorneys' fees.

B. This Court shall maintain jurisdiction over the parties in this matter in connection with enforcement of ~~their Settlement Agreement and~~ this Stipulated Order of Permanent Injunction and Voluntary Dismissal.

The undersigned, on behalf of themselves or their respective clients, hereby stipulate and consent to the entry of this Order:

DAVIS & GILBERT LLP

Attorneys for Plaintiffs

By: _____
Marc Rachman (mrachman@dglaw.com)
Shirin Keen (skeen@dglaw.com)
Sean Cameron (scameron@dglaw.com)
1740 Broadway
New York, New York 10019
(212) 468-4800
(212) 468-4888 fax

GREENBERG TRAURIG, LLP

Attorneys for Defendant

By: _____
Michael Burrows (burrows@gtlaw.com)
200 Park Avenue
New York, NY 10166
(212) 801-9200
(212) 801-6400 fax

SO ORDERED:

_____ Dated: Feb 17, 2009
The Honorable Laura Taylor Swain, U.S.D.J.

16