```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 0 7 APR 2010
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. MEHMET OZ, et al.,

               Plaintiffs,

    v.

FWM LABORATORIES, INC., et al.,

               Defendants.

Index No. 09 Civ. 7297 (LTS)

**STIPULATED ORDER OF
PERMANENT INJUNCTION
AND VOLUNTARY DISMISSAL**

WHEREAS, Plaintiffs Dr. Mehmet Oz, Zo Co 1, LLC, OW Licensing Company, LLC, and Harpo, Inc. (collectively, "Plaintiffs"), filed their complaint for a permanent injunction, civil penalties, and other equitable relief against, among others, Defendant NUTRA PILLS, INC. F/K/A GOLF NUTRITION SCIENCES, INC., ("Defendant"), alleging violations of N.Y.C.R.L. §§ 50-51, 765 ILCS 10751/1 et seq., 15 U.S.C. §§ 1114(1), 1125(a), 1125(a)(1)(A), 1125(c), 1125(d)(1)(A), 17 U.S.C. § 106, common law unfair competition, common law unjust enrichment, and N.Y. Gen. Bus. Law §§ 349, 350, 815 ILCS 510 et seq. (the "Action");

WHEREAS, Plaintiffs and Defendant (collectively, the "Parties") agreed to settlement of this Action without adjudication of any issue of fact or law and without Defendant admitting liability for any of the matters alleged in the complaint; and

WHEREAS, the Parties have reached a settlement of this action, which is formalized in a separate confidential settlement agreement (the "Settlement Agreement"), and in connection with said Settlement Agreement, have agreed to the entry of this Stipulated Order of Permanent Injunction and Voluntary Dismissal with Prejudice.

THEREFORE, it is hereby stipulated and agreed by and between Plaintiffs and Defendant, and Ordered by this Court, as follows:

## I. JURISDICTION AND WAIVER

A.    This Court has jurisdiction over the Parties and the subject matter of the Action.

B.    Venue is proper as to all Parties.

C.    Defendant hereby waives all rights to appeal or otherwise challenge or contest the validity of this order.

D.    The Parties will bear their own legal fees.

## II. DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.    "Advertisement(s)" shall mean any means by which Defendant or its Representatives, as defined below, promote Defendant's or another Person's, as defined below, Product(s), as defined below, or direct consumers to a physical or online destination for the purpose of offering Defendant's or another Person's Product(s) for sale, including but not limited to web sites located at unique universal resource locators ("URL(s)"), and all audio, visual, and literary material contained within such web sites and any part of the domain name of such web sites; online search engine sponsored link or advertising programs, such as Google AdWords, Google AdSense, Microsoft Bing Search Advertising, and Yahoo! Search Marketing; banner ads; email; television commercials; radio

2

commercials; interstitial commercials; videos, whether viral or stationary; sponsored articles; testimonials; blogs; meta tags; and print materials, such as sales sheets, newspaper and/or magazine advertisements, and brochures.

B.      "Affiliate" shall mean any Person, as defined below, who participates in an Affiliate Program, as defined below, as an affiliate or publisher.

C.      "Affiliate Network" shall mean any Person, as defined below, who provides Defendant with Affiliates for Defendant's Affiliate Program, as defined below, or whom Defendant contracts with as an Affiliate to promote the Products.

D.      "Affiliate Program" shall mean any agreement whereby any Person, as defined below, agrees, pursuant to terms and conditions agreed to by Defendant and such Person or between such Person and an Affiliate Network, to provide Defendant or another Person with or to refer to Defendant or another Person potential or actual customers for a fee via the creation or facilitation of Advertisements by Affiliates.

E.      "Person" shall mean a natural person or a corporation, partnership, proprietorship, limited liability company, or other organization or legal entity, including an association, cooperative, agency, or other group or combination acting as an entity.

F.      "Product(s)" shall mean resveratrol and acai berry dietary supplements and any goods or services manufactured, distributed, sold and/or marketed, in the future by Defendant.

3

G.    "Representative(s)" shall mean Defendant's owners, shareholders, partners, members, officers, agents, servants and employees, acting for or on behalf of Defendant.

### III. PERMANENT INJUNCTION

It is hereby ordered that:

A.    From the entry date of this Order forward, Defendant and Defendant's Representatives are hereby permanently enjoined from using the names, pictures, voices, identities, likenesses and/or images of Oprah Winfrey and Dr. Mehmet Oz in any Advertisement for the Product(s) without Plaintiffs' authorization. Such prohibited use includes, but is not limited to, the use of Oprah Winfrey's and/or Dr. Oz's names, and any formatives thereof, in any part of a domain name, as a keyword in an advertising program or as a metatag or hidden text on a webpage.

B.    From the entry date of this Order forward, Defendant and Defendant's Representatives are hereby permanently enjoined from using the trademarks OPRAH, THE OPRAH WINFREY SHOW, O, DR. OZ, any other trademarks owned by Plaintiffs, or any formatives thereof, whether currently owned or acquired after the date of this Agreement, in any Advertisement for the Product(s) without Plaintiffs' authorization. Such prohibited use includes, but is not limited to, the use of the trademarks OPRAH, THE OPRAH WINFREY SHOW, O, DR. OZ, any other trademarks owned by Plaintiffs, and any formatives thereof, in any part of a domain name, as a keyword in an advertising program or as a metatag or hidden text on a webpage.

4

C.     From the entry date of this Order forward, Defendant and Defendant's Representatives are hereby permanently enjoined from using any material, visual, literary, audio or otherwise, to which Plaintiffs own the copyright, whether currently owned or acquired after the date of this Agreement, in any Advertisement for the Product(s) without Plaintiffs' authorization.

## IV. COMPLIANCE MONITORING BY DEFENDANT AND ITS REPRESENTATIVES

Defendant represents that it is not currently engaged in the sale of any Products, does not currently have an Affiliate Program and has ceased its business operations. It is further ordered that, if Defendant again engages in the sale of any Products, that Defendant and its Representatives are hereby permanently restrained and enjoined from failing to immediately take the steps set forth in this Paragraph, as applicable, to ensure compliance with Paragraph III of this Order. When Defendant formally dissolves, this paragraph will not be in effect and Defendant and its Representatives shall not have any obligations thereunder as long as Defendant remains dissolved.

A.     If Defendant has or begins an Affiliate Program, providing a copy of this Order to any Affiliate or Affiliate Network that Defendant uses going forward in any Affiliate Program for Defendant and requiring that each Affiliate Network in Defendant's Affiliate Program, by its contract with Defendant, provide each of the Affiliates in its network that it includes in Defendant's Affiliate Program with a copy of this Order.

B.     If Defendant has or begins an Affiliate Program, requiring each Affiliate and/or Affiliate Network that Defendant uses in its Affiliate Program to provide the

5

following identifying information to Defendant, which Defendant shall maintain for as long as it uses such Affiliate and/or Affiliate Network:

1.  If a natural person, the Affiliate's and/or Affiliate Network's first and last name, valid physical address, country, telephone number, email address and bank account information (where used to make payments to that Person).

2.  If a corporation, partnership, proprietorship, limited liability company, or other organization or legal entity, including an association, cooperative, agency, or other group or combination acting as an entity, the Affiliate's and/or Affiliate Network's name and any and all names under which it does business, state of incorporation, registered agent, and the first and last name, valid physical address, country, telephone number, and email address of at least one natural person who owns, manages, or controls the Affiliate and/or Affiliate Network, bank account information (where used to make payments to that Person) and all sub-ids assigned to the Affiliates in the Affiliate Network.

3.  In any circumstances in which Defendant only has access to Affiliates through an Affiliate Network, requiring each Affiliate Network, by its contract with Defendant, to obtain and maintain from the Affiliates in Defendant's Affiliate Program the identifying information set forth in Paragraph IV.B.1 & 2 above, which shall be required to be obtained prior to that Person's participation in Defendant's Affiliate Program.

6

C.  If Defendant has or begins an Affiliate Program, obtaining from each Affiliate or Affiliate Network, if Defendant does not have access to the Affiliates, that wishes to continue to participate or to begin to participate in Defendant's Affiliate Program (1) an express written agreement to comply with this Order, and (2) an acknowledgement of receipt of this Order. The Parties agree that electronic acknowledgement or acceptance specifically satisfies the requirements of this Paragraph. If Defendant only has access to the Affiliates through an Affiliate Network(s), then it shall require, as part of its contract with the Affiliate Network(s), that the Affiliate Network(s) obtain the same information set forth above in this paragraph IV.C from the Affiliate Network's affiliates that are used in Defendant's Affiliate Program and provide Defendant with proof of the same prior to any such affiliate being used in Defendant's Affiliate Program.

D.  If Defendant has or begins an Affiliate Program, requiring each Affiliate and/or Affiliate Network, by its contract with Defendant, at least seven (7) days prior to the release of any Advertisement for Defendant, to provide Defendant with the following information: (i) copies of all material created by the Affiliate and/or Affiliate Network displayed or contained within in the Advertisement, including text, graphics, video, audio and photographs; (ii) the location of any online Advertisement, as denoted by a unique URL; (iii) the URL of any hyperlink contained in the Advertisement; (iv) the range of dates that Advertisement will run; (v) any keywords purchased or intended to be purchased to promote the ad in a search engine or other keyword advertising program. If Defendant only has access to the Affiliates through an Affiliate Network(s), then it shall require that

7

the Affiliate Network(s) obtain and maintain the same information set forth above in this paragraph IV.C at least seven (7) days prior to the release of any Advertisement for Defendant from the Affiliate Network's affiliates that are used in Defendant's Affiliate Program and provide Defendant with proof of having obtained the same.

E.    If Defendant has or begins an Affiliate Program, at least three (3) days prior to the release of any Advertisement submitted to Defendant or Defendant's Affiliate Network under Paragraph IV.D above, Defendant shall review the Advertisement for compliance with this Order. If after reviewing such Advertisement, Defendant determines that the Advertisement complies with this Order, Defendant shall provide to the Affiliate and/or the Affiliate Network who submitted the Advertisement a written acknowledgement of Defendant's approval of such Advertisement. If, after reviewing the Advertisement, Defendant determines that the Advertisement does not comply with this Order, Defendant shall take immediate steps to seek to ensure that such Advertisement is not released on Defendant's behalf. Such steps shall include not paying any amounts to the Affiliate and/or the Affiliate Network for the Advertisement, including any payments for leads, "click-throughs" or sales resulting therefrom.

1.    If Defendant only has access to the Affiliates through an Affiliate Network(s), then it shall require, as part of its contract with the Affiliate Network(s), that the Affiliate Network comply with the procedures set forth in this Paragraph IV.E above.

8

F.     If Defendant is only an Affiliate in other Persons' Affiliate Network Program(s), then Defendant shall provide to all Affiliate Networks for which it is an Affiliate the identifying information required by Paragraph IV.B.1 & 2 above.

G.     Defendant shall promptly and fully investigate any information received by Defendant, Defendant's Affiliates and/or Defendant's Affiliate Network(s) or anyone else regarding an Advertisement that does not comply with this Order. However, notwithstanding the requirements of this Paragraph, Defendant shall not be in violation of this Paragraph if, within two (2) days after receiving such information, Defendant terminates the Affiliate and/or the Affiliate Network that created or facilitated the non-complying Advertisement, provides notice and all information related to the Affiliate and/or the Affiliate Network collected pursuant to Paragraphs IV.A and IV.B to Plaintiffs, does not pay the Affiliate and/or the Affiliate Network for the offending Advertisement, including any payments for leads, "click-throughs" or sales resulting therefrom, and does not reinstate the Affiliate(s) or Affiliate Network(s) unless Defendant agrees in writing provided to Plaintiffs that Defendant will be directly responsible for any further breaches of this Order by the offending Affiliate and/or Affiliate Network.

H.     If Defendant has or begins an Affiliate Program, Defendant shall immediately terminate from Defendant's Affiliate Program, and cease payment to, any Affiliate and/or Affiliate Network who Defendant reasonably concludes (1) is violating or has violated any provision of this Order; or (2) is violating or has violated any contractual provision of Defendant's contract with the Affiliate. Defendant shall not reinstate any Affiliate and/or Affiliate Network who has been

9

so terminated unless Defendant agrees in writing provided to Plaintiffs that Defendant will be directly responsible for any further breaches of this Order by the offending Affiliate and/or Affiliate Network.    Defendant shall not be in violation of this Paragraph unless Defendant knew or should have known that the reinstated Affiliate and/or Affiliate Network had previously been terminated.

## V. COMPLIANCE MONITORING BY PLAINTIFFS

It is further ordered that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A.    In the event of any alleged violation of this Order by Defendant or its Representatives, within ten (10) days of receipt of written notice from Plaintiffs or a representative of Plaintiffs, Defendant shall submit a written report relating to such alleged violation, sworn to under penalty of perjury, and produce documents related to such alleged violation, identified by Plaintiffs in their written notice, for inspection and copying.

B.    For the purposes of this Order, Plaintiffs shall, unless otherwise directed by a representative of Defendant, mail all written notifications to any Defendant to the following address: Richard B. Benenson, Brownstein Hyatt Farber Schreck, LLP, 410 Seventeenth Street, Suite 2200, Denver, CO 80202-4432, (303) 223.8003 fax, rbenenson@bhfs.com.

C.    Defendant represents that it is not currently engaged in the sale of any Products, does not currently have an Affiliate Program and has ceased its business

operations. When Defendant formally dissolves, this paragraph will not be in effect and Defendant and its Representatives shall not have any obligations thereunder as long as Defendant remains dissolved.

## VI. COMPLIANCE RECORDS TO BE MAINTAINED BY DEFENDANT

It is further ordered that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A.    For a period of two years from the date of this Order, Defendant shall notify Plaintiffs of any changes in corporate structure that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger or other action that would result in the emergence of a successor entity that engages in any acts or practices subject to this Order; the creation or dissolution of a subsidiary or parent that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; and a change in the corporate name or address, within thirty (30) of such changes having taken place.

B.    For a period of two years from the date of this Order, and if Defendant engages in the sale of any Products, Defendant shall notify Plaintiffs of any new Products that it manufactures, distributes, sells and/or markets using Advertising and/or an Affiliate Program.

C.    One hundred eighty (180) days after the date of entry of this Order, or the cessation of compliance activity as part of any Attorney general settlement,

11

whichever is later, and if Defendant engages in the sale of any products, Defendant shall provide a written report to Plaintiffs, sworn to under penalty of perjury, setting forth in detail the manner and form in which it has complied and is complying with this Order.  This report shall consist of, as applicable:

1.    A copy of each acknowledgement of receipt of this Order, obtained pursuant to Paragraph IV.C of this Order.

2.    Any changes required to be reported pursuant to Paragraph VI.A.

3.    A list that identifies every Affiliate, Affiliate Network and/or Person participating in Defendant's Affiliate Program since entry of this Order that Defendant is able to identify.

4.    A list of all names under which Defendant has done business since entry of this Order.

5.    A list of all domain names and web page addresses Defendant has owned or operated since entry of this Order.

6.    A copy of each non-identical form contract used in Defendant's Affiliate Program (notwithstanding the name given to such program by Defendant) at any time since the execution of this Order.

C.    For the purposes of this Order, Defendant shall, unless directed otherwise by a representative of Plaintiffs, mail all written notifications to the Plaintiffs to the following address:

12

William L. Becker, Esq.
General Counsel
Harpo, Inc.
110 North Carpenter Street
Chicago, IL 60607
Fax: (312) 733-3896
bbecker@harpo.com

With a copy to:

Marc Rachman, Esq.
Davis & Gilbert LLP
1740 Broadway
New York, New York 10019
Fax: 212-468-4888
Email: mrachman@dglaw.com

D.    Defendant represents that it is not currently engaged in the sale of any Products, does not currently have an Affiliate Program and has ceased its business operations. When Defendant formally dissolves, this paragraph will not be in effect and Defendant and its Representatives shall not have any obligations thereunder as long as it remains dissolved.

## VII.    LIQUIDATED DAMAGES FOR NON-COMPLIANCE

A.    The Parties acknowledge that the monetary damages that Plaintiffs would suffer as a result of a material breach by Defendant of the terms of this Order are not readily ascertainable at the time of their stipulating to the entry of this Order.

B.    In the event of a material breach by Defendant of the terms of this Order that is not cured within ten (10) days of Defendant becoming aware of such breach, in addition to any injunctive relief that Plaintiffs may be entitled to as a result of such breach, the Parties agree that Defendant shall be liable to Plaintiffs for the

liquidated sum of twenty-five thousand ($25,000) per material breach, as the Parties agree that such sum is reasonably proportionate to Plaintiffs' foreseeable losses for a material breach of this Order.

C.    In the event of a dispute arising out of this Order, the prevailing party shall be entitled to reimbursement from the non-prevailing party of its costs, including all reasonable attorneys' fees.

## IX.    DISMISSAL OF ACTION AGAINST DEFENDANT

A.    The Parties hereby stipulate and agree, pursuant to Rule 41(a)(1) & (2) of the Federal Rules of Civil Procedure, that this action is dismissed with prejudice, against the Defendant, with each party to bear its own costs and its own attorneys' fees.

B.    This Court shall maintain jurisdiction over the parties in this matter in connection with enforcement of this Stipulated Order of Permanent Injunction and Voluntary Dismissal.

The undersigned, on behalf of themselves or their respective clients, hereby stipulate and consent to the entry of this Order:

14

DAVIS & GILBERT LLP
Attorneys for Plaintiffs

By:

Marc Rachman (mrachman@dglaw.com)
Shirin Keen (skeen@dglaw.com)
Sean Cameron (scameron@dglaw.com)
1740 Broadway
New York, New York 10019
(212) 468-4800
(212) 468-4888 fax

BROWNSTEIN HYATT FARBER
SCHRECK, LLP
Attorneys for Defendant

By:

Brian Eutermoser
(BEutermoser@BHFS.com)
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432
(303) 223-1203
(303)223-8003 fax

**SO ORDERED:**

Dated: April 7, 2010

The Honorable Laura Taylor Swain, U.S.D.J.

1299715\1377270.3

15